UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HYUNDAI FIRE & MARINE INSURANCE CO.
LTD. a/s/o S AND J INTERNATIONAL CORP.,

                2008 Civ. 7139 (RJH)

  Plaintiff,

                **RETURN OF SERVICE**

 - against -

SUN OCEAN LOGISTICS CORP.,

  Defendant.
------------------------------------------------------------X

  Pursuant to Fed. R. Civ. P. Rule 4, the plaintiff hereby makes proof of service to the Court. The plaintiff attaches hereto Exhibit 1, the Waiver of Service of Process executed by defendant, Sun Ocean Logistics, Corp., on August 26, 2008.

Dated: New York, New York
   August 29, 2008
   101-67

                CASEY & BARNETT, LLC
                Attorneys for Plaintiff

         By: _____
                Martin F. Casey (MFC-1415)
                317 Madison Avenue, 21st Floor
                New York, New York 10017
                (212) 286-0225

AUG-26-2008 Case 1:08-cv-07139-RJH Document 4    Filed 08/29/2008  Page 2 of 2   P. 02
2008-AUG-26 17:29 From:                          To:00113102164660    P.1   2 OF 2

AUG-25-2008 MON 06:28 PM SUN OCEAN LOGISTICS    FAX NO. 3102164660    P. 03

## WAIVER OF SERVICE OF SUMMONS

**TO: CASEY & BARNETT, LLC**

I acknowledge receipt of your request that I waive service of a summons in the action of Hyundai Fire & Marine Insurance Company, Ltd. a/s/o S and J International Corp. v. Sun Ocean Logistics Corp., which is case number 08 Civ. 7139 in the United States District Court Southern District of New York. I have also received a copy of the complaint in action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party in whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 12, 2008, or within 90 days after that date if the request was sent outside the United States.

Date: AUG 26 2008

Signature [signed]
Printed Typed                    name: WAN KYU CHOI

(as _____)
(of _____)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.

3

Effective A/o 12/1/93 in compliance
with Federal Rules of Civil Procedure 4